UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────────────────

JOSHUA JAMES CHEEK,

        Plaintiff,

        v.                                  Case No. 20-C-1287

DONALD J. TRUMP,

        Defendant.

───────────────────────────────────────────────────────────

## ORDER

───────────────────────────────────────────────────────────

Plaintiff, who is a former inmate of the Winnebago County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Ordinarily, a plaintiff must pay a filing fee of $400 to bring an action in federal court, which includes the $350 statutory filing fee and a $50 administrative fee. 28 U.S.C. § 1914(a). However, because Plaintiff was not a prisoner when he filed his motion to proceed in forma pauperis, it falls under 28 U.S.C. § 1915. Section 1915 is meant to ensure indigent litigants meaningful access to the federal courts, *Nietzke v. Williams*, 490 U.S. 319, 324 (1989), and applies to both non-prisoner plaintiffs and to plaintiffs who are incarcerated, *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275–77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened requirements of the Prison Litigation Reform Act do not apply. *See West v. Macht*, 986 F. Supp. 1141 (W.D. Wis. 1997).

Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). A review of Plaintiff's motion reveals that he does not have sufficient funds to pay the filing fee. Accordingly, the court will grant Plaintiff's motion to proceed without prepayment of the filing fee and will screen the complaint.

## SCREENING OF THE COMPLAINT

In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

2

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

Giving the complaint a liberal construction, the court cannot discern any plausible federal claim against President Trump, and as presented, the case is frivolous. Plaintiff alleges President Trump caused Plaintiff to suffer cruel and unusual punishment at the Winnebago County Jail when he used many defamatory statements against Plaintiff. A suit may be dismissed when "the facts alleged in the complaint are so . . . delusional . . . that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). Plaintiff has failed to state a plausible claim upon which relief can be granted. Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, that is unnecessary when the amendment would be futile. Therefore, the case will be dismissed. Plaintiff is warned that he may be subject to sanctions if he files any further frivolous lawsuits.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is dismissed for failure to state a claim upon which relief can be granted. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 21st day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge